# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI GARY SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00263 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MCDUFFIE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi Springer, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that he has received inadequate mental health and medical care in prison. Springer has not prepaid the necessary filing fee to proceed with a civil rights action and requests in forma pauperis status under 28 U.S.C. § 1915(g), which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings, I conclude that he does not qualify to do so, in light of his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

I.

Springer's Complaint alleges two unrelated claims against different defendants,[1] regarding purported wrongdoing by medical and mental health staff members at Red Onion State Prison ("Red Onion"). He alleges that in November 2019, Warden Kiser said he had recommended a transfer for Springer to Wallens Ridge State Prison ("Wallens Ridge"), where he could have a single cell assignment. Springer complained that he should be transferred to a lower security facility. Kiser referred him to Qualified Mental Health Professional ("QMHP") Trent, who said that mental health staff *had* approved Springer for transfer to a lower security setting.

Prison psychiatrist Dr. McDuffie met with Springer on November 15, 2019. Springer asked that one of his medications, Benedryl, be discontinued. Thereafter, the doctor discontinued Springer's mental health medications. When Springer complained about this action, Dr. McDuffie responded that the discontinuation of mental health medications happened because of a miscommunication among the medical staff. The doctor reinstated the medications by December 6, 2019. Springer claims that he has been hearing "non-real noises with a leaking sensation in [his]

---

[1] Springer's Complaint attempts to shoehorn unrelated claims against multiple defendants in a manner that is squarely inconsistent with the Federal Rules of Civil Procedure joinder provisions, Rules 18 and 20. Because I herein conclude that this action must be dismissed in its entirety for other reasons, I will not require Springer to file an Amended Complaint in compliance with Rules 18 and 20.

brain," which he blames on the discontinuation of his medications. Compl. 10, ECF No. 1.

Springer also claims that on November 28, 2019, after receiving a sack lunch for Thanksgiving dinner, he suffered extreme pain in his stomach, severe breathing problems, and convulsions. When he described all these symptoms to a nurse, she said to write a sick call request to see a doctor. On November 30, 2019, Springer suffered similar symptoms and filed an Emergency Grievance about them. A nurse came to his cell, allegedly registered his temperature at 108 degrees, and had officers transport him by wheelchair to the medical unit, where another nurse recorded his temperature at 105 degrees. Springer provided urine and fecal samples for testing and received a shot of antibiotic medication. On December 2, 2019, Springer notified nurses that he was having similar symptoms. The nurse said he might need X rays. The next day, however, Springer was released from the infirmary, with a promised appointment to see a doctor. In January 2020, he received an ultrasound. A doctor reviewed the results and found them to be inconclusive. Nurses told Springer that if his symptoms got worse, he would be taken to the Medical College of Virginia ("MCV") for more testing.

On March 12, 2020, officials transferred Springer to Wallens Ridge without a hearing. A counselor there told him that he would be assigned to a single cell. Instead, on March 27, 2020, Springer notified Officer Stallard that he was in the

wrong pod, in a double cell. After medical testing, Wallens Ridge staff told Springer that he did not qualify for a bottom bunk pass because of his previously diagnosed spinal degenerative sclerosis. In April 2020, Springer obtained a copy of a hearing report that violated prison procedures and falsely stated that he was present and refused to make a statement about his classification status.

In April Springer also suffered medical symptoms similar to those he had reported in late 2019, and he believed he saw blood in his stool. He claims that his 2019 medical records do not report the high temperatures and other serious symptoms he suffered that year.

Springer signed and dated his Complaint on April 25, 2020 and attached other documents, seeking immediate interlocutory injunctive relief. Based on these submissions, Springer asserts that he is in imminent danger of serious physical harm without court intervention. Specifically, he complains that he is assigned to a top bunk, despite his recent reports of convulsions, and that he needs X rays or other testing at MCV to address his health issues and possible side effects from discontinuation of his mental health medications for a time.[2]

---

[2] Springer also seeks a court order protecting him against Covid-19 and telephone use to contact the American Civil Liberties Union ("ACLU"). Although Springer's attached affidavits and other documentation mention Covid-19 and the ACLU, his Complaint does not assert any claims concerning these issues. Because these issues are clearly misjoined with the existing Complaint, I will not construe his attachments as raising additional claims. Moreover, other documents in the record indicate that the Virginia

II.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-01339-LO-IDD (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-01392-LO-TCB (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-01445-LO-TRJ (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed without prepayment of the filing fee only if he shows that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s three strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is

---

Department of Corrections has implemented precautions intended to protect inmates against contracting COVID-19.

pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct")). Thus, this "imminent danger" exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Numerous courts have concluded that where a three-striker inmate's allegations reflect that he has had access to medical care and simply disagrees with the opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). *See, e.g., Showalter v. Lee*, No. 7:15CV00106, 2015 WL 1800478, at *4 (W.D. Va. Apr. 16, 2015) ("At the most, Showalter disagrees with defendants' medical judgments [concerning appropriate treatment for his mental health conditions], a circumstance that cannot support a finding of imminent danger under § 1915(g)."); *Joyner v. Fish*, No. 7:08CV00359, 2008 WL 2646691 (W.D. Va. July 3, 2008) (imminent danger not

demonstrated when plaintiff had been given thorough medical treatment, had never been denied doctor visit, and had been advised to take medication, but disagreed with opinions of medical professionals); *Renoir v. Mullins*, No. 7:06CV00474, 2006 WL 2375624 (W.D. Va. Aug. 15, 2006) (finding disagreement with diagnoses and prescribed treatment is not imminent danger of serious physical harm).

The court cannot find that Springer has demonstrated any imminent danger of physical harm under § 1915(g), related to his claims in the underlying § 1983 Complaint. First, Springer's claims primarily concern past occurrences and symptoms that had subsided by the time he filed the Complaint in early May of 2020. Second, his claims rest on his disagreement with medical judgments by the medical or mental health staff as to his needs in these areas, which cannot support a finding that he is in imminent danger of serious physical harm.

For the stated reasons, I cannot find that Springer is eligible to proceed without prepayment of the filing fee under the imminent danger exception in § 1915(g). Accordingly, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). Because he has not prepaid the $350 filing fee and the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: June 5, 2020

/s/ James P. Jones
United States District Judge